21-960 (L)
Of a Feather, LLC v. Allegro Credit Servs., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

OF A FEATHER, LLC,

> *Plaintiff-Counter-Claimant-Third-Party-*
> *Plaintiff-Appellee-Cross-Appellant,*

JARED STAMELL and SUSAN STAMELL,

> *Consolidated-Defendants-Consolidated-*
> *Counter-Claimants-Cross-Appellants,*

v.                                                            21-960, 21-1107

ALLEGRO CREDIT SERVICES, LLC,

> *Defendant-Third-Party-Plaintiff-*
> *Counter-Claimant-Appellant-Cross-Appellee.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR OF A FEATHER, LLC, JARED
STAMELL, and SUSAN STAMELL:

Andrew R. Goldenberg, Goldenberg Law,
P.C., New York, N.Y.

FOR ALLEGRO CREDIT SERVICES, LLC:

Donald N. David, Akerman LLP, New York,
N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jared and Susan Stamell and their company, Of A Feather, LLC (collectively, the "Feather Parties"), entered a Loan Commitment with Allegro Credit Services, LLC ("Allegro") for a loan to refinance a mortgage. The Loan Commitment required the Feather Parties to make certain payments to Allegro before the closing of the transaction. Although the parties contest the structure of those payments, the district court found that they included a $20,000 preliminary payment, a $10,000 payment for Allegro's attorneys' fees, and a $20,000 modification payment in connection with a delay in the Feather Parties' obligation to pay a $575,000 Commitment Fee. The Feather Parties paid only $35,000, and the transaction did not close. After a bench trial, the district court concluded that the Feather Parties had breached the Loan Commitment by failing to make the required preliminary payments. Yet the district court also concluded that Allegro could not collect the remaining balance of the Commitment Fee because it constituted an unenforceable penalty under New York law. The district court nevertheless permitted Allegro to retain the $35,000 that the Feather Parties had paid. Both parties appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      The Feather Parties' Appeal**

The Feather Parties' central argument on appeal is that the district court incorrectly

determined that they—rather than Allegro—breached the contract. We affirm the district court's interpretation of the Loan Commitment for the reasons stated by the district court. *See Of a Feather, LLC v. Allegro Credit Servs., LLC*, No. 19-CIV-9351, 2021 WL 1040482, at \*4-6 (S.D.N.Y. Mar. 18, 2021). The Feather Parties breached the contract by failing to pay all sums due to Allegro under the Loan Commitment.

The Feather Parties make two counterarguments about breach, each of which is without merit. First, they argue that their breach was not material. But failure to make preliminary payments permitted Allegro to cancel the contract because the "failure to tender payment is generally deemed a material breach." *ARP Films, Inc. v. Marvel Ent. Grp., Inc.*, 952 F.2d 643, 649 (2d Cir. 1991). The contract explicitly permitted Allegro to "terminate the Loan Commitment" if the Feather Parties failed to pay. *See* JA-139.

Second, the Feather Parties contend that Allegro did not provide timely notice of termination and continued to perform the contract. But the Feather Parties did not object to any delay in Allegro's notice of breach before the district court, and "[w]e normally will not reverse a judgment on the basis of" a forfeited argument. *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003). We thus affirm the district court's judgment that the Feather Parties breached the Loan Commitment.

The Feather Parties also offer two arguments to the effect that, even if they were in material breach of the contract, the district court erred when it assessed Allegro's damages at $35,000. These arguments also lack merit. First, the Feather Parties say that Allegro was required to close the transaction to mitigate its damages. "Where a claimant has a duty to mitigate damages, the opposing party generally bears the burden of showing that the claimant did not take reasonable measures to do so." *Broadnax v. City of New Haven*, 415 F.3d 265, 269 (2d Cir. 2005). We review

the district court's failure to credit a mitigation defense for clear error. *See Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 696 (2d Cir. 1998) (explaining that "[t]he question whether a[] [plaintiff] has made reasonably diligent efforts" to mitigate damages "is one of fact"). Allegro showed that closing on the Loan Commitment would have been an unreasonable risk after the Feather Parties' nonpayment. *See, e.g.*, JA-145 to -48 (noting that even before the default, Allegro questioned the Feather Parties' finances and reliability).

Second, the Feather Parties say that the district court erred by allowing Allegro to keep the $35,000 that the Feather Parties had already paid. We review the "actual calculation of damages" only "for clear error," *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999), and find no such error in the district court's conclusion that the $35,000 the Feather Parties paid to Allegro was "not so high as to be untethered to any actual damages that Allegro suffered." *Of a Feather*, 2021 WL 1040482, at *8.

**II.     Allegro's Appeal**

Allegro appealed on the ground that, under the terms of the Loan Commitment, its remedy for a breach by the Feather Parties is the unpaid balance of the Commitment Fee: approximately $540,000. Allegro contends that it should have been awarded the entire Commitment Fee, arguing that (1) the Commitment Fee was improperly analyzed as a liquidated damages clause and (2) even if it were a liquidated damages clause, the district court erred in holding that the Fee was a penalty.[1] "We review . . . the determination [of] whether a contractual provision is an unenforceable penalty" or liquidated damages "*de novo*." *NML Cap. v. Republic of Arg.*, 621 F.3d 230, 236 (2d Cir. 2010). A liquidated damages provision is "an estimate, made by the parties at the time they

---

[1] Allegro does not object to the district court's calculation of damages, or present an alternative theory of damages, beyond its analysis of the Commitment Fee.

enter[ed] into their agreement, of the extent of the injury that would be sustained as a result of [a] breach of the agreement." *JMD Holding Corp. v. Cong. Fin. Corp.*, 828 N.E.2d 604, 609 (N.Y. 2005) (citation omitted). "Under New York law, a 'contractual provision fixing damages in the event of breach' constitutes an unenforceable penalty where 'the amount fixed is plainly or grossly disproportionate to the probable loss.'" *NML Cap.*, 621 F.3d at 236 (quoting *JMD Holding Corp.*, 828 N.E.2d at 609).

The Loan Commitment required the Feather Parties to pay $20,000 towards the Commitment Fee before the signing of the Commitment, $20,000 at the signing of the Commitment, and $535,000 at closing. If the Feather Parties "fail[ed] to comply with any of the terms or conditions" of the Loan Commitment, it permitted Allegro to "terminat[e]" the agreement and "retain[]" and "earn[]" the Commitment Fee. JA-139. In that event, Allegro could "retain the paid portion of the Commitment Fee" and "require immediate payment of the balance of the Commitment Fee." *Id.* "[A]ny default by" the Feather Parties would not "relieve" them of their "obligation to pay" the Fee. JA-133.

The district court correctly held that the Commitment Fee should be analyzed as a liquidated damages clause. The Commitment Fee, which was otherwise due at closing, became due immediately on breach, and it was due in full regardless of any offset that would otherwise be available as part of an expectation-damages calculation. The Fee is thus "subject to review as an excessive penalty" because it was "dependent on" and "affected by" the Feather Parties' breach. *NML Cap.*, 621 F.3d at 236-37; *cf. Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 896 n.15 (2d Cir. 1976) (noting that a provision with "nothing to do with a party's breach" is "not a liquidated damages clause").

Additionally, the record supports the district court's holding that "the provisions [were]

plainly intended as a penalty" and lacked "any relationship to any actual damages suffered by Allegro." *Of a Feather*, 2021 WL 1040482, at \*8. For example, Allegro's principal testified that the Commitment Fee "was calculated based on the amount of the loan," not Allegro's likely actual damages. JA-146; *see JMD Holding Corp.*, 828 N.E.2d at 609. He also stated that the Fee was intended to "discourage prospective borrowers from 'loan shopping.'" JA-146. The provision that accelerated payment of the Commitment Fee in the event of breach therefore "serve[d] … as an added spur to performance" rather than an estimate of damages. *Priebe & Sons v. United States*, 332 U.S. 407, 413 (1947). Accordingly, we conclude that the district court did not err in finding the relevant provisions are "unenforceable liquidated damages clauses." *Of a Feather*, 2021 WL 1040482, at \*8.

In sum, we conclude that the Feather Parties breached the contract, and the district court did not err in awarding Allegro $35,000 in damages. We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk of Court